1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MINH KHA HOANG PHAN,                    No.  2:21-cv-2219 TLN CKD P

12                      Petitioner,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    P. COVELLO,

15                      Respondent.

16

17          Petitioner is a California prisoner proceeding with an application for writ of habeas corpus

18    under 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss.

19          On December 1, 2017, petitioner was sentenced to 50-years-to-life following a finding by

20    a jury that petitioner committed first degree murder and found a firearm enhancement true.  ECF

21    No. 13-1.  Petitioner appealed.  On June 5, 2020, the Third District of the California Court of

22    Appeal remanded the case to the Superior Court of Sacramento County for further sentencing

23    proceedings.  ECF No. 13-2.  Those proceedings occurred on October 9, 2020, and petitioner's

24    sentence remained unchanged.  ECF No.  13-5.  Petitioner filed a notice of appeal with respect to

25    that decision on November 18, 2020.  ECF No. 13-6.   On July 26, 2022, the Third District

26    remanded the case to Sacramento County a second time for a new sentencing hearing.  ECF No.

27    28-1.  It is not clear whether the hearing has been held yet or whether state court proceedings are

28

1   ongoing.[1]

2          Respondent asserts the court must abstain from hearing petitioner's habeas claims

3   pursuant to the Younger doctrine.   In Younger v. Harris, 401 U.S. 37, 45-46 (1971), the Supreme

4   Court held that federal courts cannot interfere with pending state criminal proceedings, absent

5   extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

6   U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to

7   plaintiff's federally protected rights may be eliminated by his defense of the criminal case.

8   Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding]

9   unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-

10  44 (1926)).

11          "The Younger doctrine was borne of the concern that federal court injunctions might

12  unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d

13  332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most

14  unusual circumstances is a defendant entitled to have federal interposition by way of injunction or

15  habeas corpus until after the jury comes in, judgment has been appealed from and the case

16  concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury

17  v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

18          A Younger abstention is appropriate if state proceedings are ongoing at the time the

19  federal action is commenced.  Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987).

20          Here, petitioner commenced this action on December 2, 2021, while petitioner case was

21  before the California Third District Court of Appeal for the second time.  After reviewing

22  petitioner's pending habeas petition and the opposition to respondent's motion to dismiss, the

23  court finds there are no extraordinary circumstances which permit the court to proceed with this

24  action and not abstain under Younger.

25          The court notes that petitioner is concerned with the limitations period applicable to his

26  habeas petition.  Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period applicable to

---

[1] Petitioner has filed other actions in California courts concerning his convictions, but they are not material to resolution of respondent's motion to dismiss.

1    this action cannot commence until "judgment [is] final by the conclusion of direct review or the

2    expiration of the time for seeking such review."  If petitioner has not been resentenced yet, or is

3    appealing a third time and the appeal is still pending, judgment is not final.  If petitioner has been

4    re-sentenced and the time for filing a notice of appeal has run, judgment was final the day it ran.

5         Finally, petitioner has requested that, as an alternative to dismissal, this action be stayed

6    pursuant to Rhines v. Weber, 544 U.S. 269 (2005).   In that case, the Supreme Court indicated

7    that, under certain circumstances, the court may stay a petition for writ of habeas corpus that

8    contains claims where state court remedies have been exhausted and claims where exhaustion has

9    not occurred.  The decision in Rhines is not applicable here as Rhines concerns cases in which

10   judgment is final in state court with the habeas petitioner seeking collateral review.  Nothing

11   suggests Rhines is an alternative in cases, such as this one, where judgment is not final, and

12   abstention is mandated under the Younger doctrine.

13        In accordance with the above, IT IS HEREBY RECOMMENDED that:

14        1.  Respondent's motion to dismiss (ECF No. 11) be granted;

15        2.  Petitioner's motion for a stay (ECF No. 25) be denied; and

16        3.  This case be closed.

17        These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

22   may address whether a certificate of appealability should issue in the event he files an appeal of

23   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

24   court must issue or deny a certificate of appealability when it enters a final order adverse to the

25   applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

26   appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

27   debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

28   reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
phan2219.mtd

4